Charles Joseph (CJ 9442)
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
Admitted *Pro Hac Vice*

Ira Spiro*
Spiro Moss Barness LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Tel. (310) 235-2468
Fax (310) 235-2456
* Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs and proposed collective
action and class action members*



RECEIVED
JAN 30 2007
U.S.D.C. S.D. N.Y.
CASHIERS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

**HELLANE FREEMAN and DAVID COEN
on behalf of themselves and others similarly
situated,**

**INDEX NO: 06 CV 13497 (RMB)**

**SECOND AMENDED
COMPLAINT**

**Plaintiff,**

**v.**

**HOFFMAN-LAROCHE, INC., and ROCHE
LABORATORIES INC. *et al.***

**Defendants.**

------------------------------------------------------------x

1

## INTRODUCTION AND CERTAIN DEFINITIONS

1.      This is an action for violation of federal and state wage and hour laws by and on behalf of former and current employees of Defendants, referred to below as "Covered Employees." The Covered Employees include Hellane Freeman ("Plaintiffs"). Pursuant to a decision, policy and plan, these employees are unlawfully classified by Defendants as exempt from laws requiring overtime pay, but actually were and are non-exempt and entitled to overtime pay.

2.      In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by any of the Defendants in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

>       a.      Sales Representative

>       b.      Medical Sales Representative

>       c.      Senior Sales Representative

and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitation was or may have been tolled or suspended. The above job positions are referred to herein as "Covered Positions."

3.      In this pleading, "Defendants" means "defendants and each of them" and refers to the defendants named in the particular claim for relief in which the word "Defendants" appears. Defendants include Hoffman-LaRoche, Inc., Roche Laboratories, Inc., and all affiliates and subsidiaries.

2

4. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the state law claims, presently consisting of the laws of New York and New Jersey, but possibly consisting of the laws of other states, as may be revealed in discovery and otherwise. The state law claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. Venue is proper in this District also because there is personal jurisdiction in this District over all Defendants. Presently and at all times, Defendants have conducted substantial, continuous and systematic commercial activities in this District.

## PARTIES

7. Defendant Hoffman-LaRoche, Inc. ("Hoffman-LaRoche") is a New Jersey corporation with its principal executive offices in Nutley, New Jersey. Together with the other Defendants, Hoffman-LaRoche does business in all fifty states, including New York, New Jersey and the United Stated Territories.

8. Defendant Roche Laboratories, Inc. ("Roche Labs") is a Delaware corporation with its principal executive offices in Nutley, New Jersey. Together with the

3

other Defendants, Roche Labs does business in all fifty states, including New York, New Jersey and the United Stated Territories.

9.     Plaintiff Hellane Freeman ("Plaintiff") is a New Jersey resident and was employed by Defendants from 1997 to November 2005 in New York and in New Jersey in various Sales Representative positions. Plaintiff Freeman worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state law.

10.    Plaintiff David Coen is a Kansas resider  nd was employed as a Pharmaceutical Sales Representative by Defendants from 1997 until about October of 2005 in Kansas. Plaintiff Coen worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal law.

11.    Plaintiffs are informed and believe and thereon allege at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and/or other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiff and Covered Employees. Plaintiffs are informed and believe and thereon allege, that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or

4

should have know about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## FACTS

12. Plaintiffs hereby consents to sue Defendants under the FLSA § 16.

13. Upon information and belief, Defendants employ and have employed within the relevant periods thousands of pharmaceutical sales representatives in the United States, and hundreds in the states of New York and New Jersey.

14. Plaintiffs and Covered Employees were paid a salary plus a bonus for work performed.

15. Specifically, upon information and belief, Defendants' managers, with the knowledge and consent of corporate management, systemically violated the law throughout New York, New Jersey, and the United States, in the following respects:

> a.) Failing to pay employees overtime compensation for hours worked in excess of forty hours per week; and
>
> b.) Failing to maintain accurate records of employees' time.
>
> c.) Failing to pay New York employees the premium required under New York law when their "spread of hours" in a workday exceeded ten hours.

16. As set forth above, Plaintiffs were employed by Defendants.

17. During this time, Plaintiffs on a regular basis worked over 40 hours per week.

18. Plaintiffs sustained substantial losses from Defendants' failure to pay them overtime compensation.

5

19. Upon information and belief, other employees who worked for Defendants throughout New York, New Jersey and the United States and who are FLSA Collective Plaintiffs and/or members of the classes (as defined below) were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

20. Defendants, through their corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs brings the First Claim for Relief for violation of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all Covered Employees employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

22. At all relevant times, Plaintiffs and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules (1) willfully failing and refusing to pay them at the legally required time an a half rates for work in excess of forty (40) hours per workweek, (2) willfully and inaccurately classifying them as exempt from overtime pay even though Defendants were aware that the Covered Employees were non-exempt and entitled to overtime pay, and (3) willfully failing to

6

keep records required by the FLSA. The claims of Plaintiff stated herein are essentially
the same as those of the other Covered Employees.

23.     The First Claim for Relief is properly brought under and maintained as an
opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The Covered
Employees are readily ascertainable. For purpose of notice and other purposes related to
this action, their names and addresses are readily available from the Defendants. Notice
can be provided to the Covered Employees via first class mail to the last address known
to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

24.     Plaintiff Freeman (the "Plaintiff Freeman") brings the Second, Third and
Fourth Claims for Relief, pursuant to the Federal Rules of Civil Procedure ("FRCP")
Rule 23, on behalf of all persons who were, are, or will be employed by Defendants on or
after the date that is six years before the filing of the Complaint in this case (the "New
York Class Period").

25.     The proposed class that Plaintiff Freeman seeks to represent is defined as
all persons who have been, are, or in the future will be employed in New York by
Defendants in any of the "Covered Positions." All said persons, including Plaintiff
Freeman, are referred to herein as the "New York Class." The New York Class members
are readily ascertainable. The number and identity of the New York Class members are
determinable from the records of Defendants. The hours assigned and worked, the
positions held, and the rates of pay for each New York Class member are also
determinable from Defendants' records. For purposes of notice and other purposes related

7

to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

26.    The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than two hundred (200) members of the New York Class.

27.    Plaintiff Freeman's claims are typical of those claims which could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions. All the New York Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records. Defendants' corporate-wide policies and practices affected all New York Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each New York Class member. Plaintiff Freeman and other New York Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

28.    Plaintiff Freeman is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class. Plaintiff Freeman is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff Freemans in wage and hour cases.

8

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual New York Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual New York Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual members of the New York Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the New York Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the New York Class which predominate over any questions affecting only individual class members, including:

        a)     Whether Defendants employed or jointly employed Plaintiff Freeman and the New York Class within the meaning of the New York law.

        b)     What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

        c)     What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

        d)     What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

        e)     Whether Defendants failed and/or refused to pay Plaintiff Freeman and the New York Class premium pay for hours worked in excess of forty per workweek within the meaning of New York law.

f)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the New York Class members at all.

g)     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the New York Class members for their work.

h)     What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the New York Class was paid at overtime rates for overtime work.

i.)     Whether Defendants compensated the New York Class the premium required under New York law when class members "spread of hours" in a workday exceeded ten hours.

## RULE 23 CLASS ALLEGATIONS – NEW JERSEY

32.     Plaintiff Freeman brings the Fifth Claim for Relief, pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all persons who were, are, or will be employed by Defendants on or after the date that is two years before the filing of the Complaint in this case (the "New Jersey Class Period").

33.     The proposed class that the Plaintiff seeks to represent is defined as all persons who have been, are, or in the future will be employed in New Jersey by Defendants in any of the "Covered Positions." All said persons, including Plaintiff Freeman, are referred to herein as the "New Jersey Class." The New Jersey Class members are readily ascertainable. The number and identity of the New Jersey Class

11

members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each New Jersey Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

34.     The proposed New Jersey Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than two hundred (200) members of the New Jersey Class.

35.     Plaintiff Freeman's claims are typical of those claims which could be alleged by any member of the New Jersey Class, and the relief sought is typical of the relief which would be sought by each member of the New Jersey Class in separate actions. All the New Jersey Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records. Defendants' corporate-wide policies and practices affected all New Jersey Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each New Jersey Class member. Plaintiff Freeman and other New Jersey Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

36.     Plaintiff Freeman is able to fairly and adequately protect the interests of the New Jersey Class and has no interests antagonistic to the New Jersey Class. Plaintiff

12

Freeman is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

37.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual New Jersey Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual New Jersey Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual members of the New Jersey Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the New Jersey Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

13

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Minimum Wage Act. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

39. There are questions of law and fact common to the New Jersey Class which predominate over any questions affecting only individual class members, including:

> a) Whether Defendants employed or jointly employed the New Jersey Plaintiff Freeman and the New Jersey Class within the meaning of the New Jersey law.

> b) What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

> c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

> d) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

> e) Whether Defendants failed and/or refused to pay the New Jersey Plaintiff Freeman and the New Jersey Class premium pay for hours

14

worked in excess of forty per workweek within the meaning of New Jersey law.

f)      What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the New Jersey Class members at all.

g)      At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the New Jersey Class members for their work.

h)      What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the New Jersey Class was paid at overtime rates for overtime work.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime
### And Record Keeping Violations, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiffs on Behalf of Themselves
### and the FLSA Class Members)

40.      Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

41.      Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA. At all relevant times, each defendant has had gross operating revenues in excess of $500,000.

15

42.     Throughout the statute of limitations period covered by these claims,
Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty
(40) hours per workweek and continue to do so.

43.     At all relevant times, Defendants have had, and continue to operate under
a decision, policy and plan, and under common policies, programs, practices, procedures,
protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective
Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek,
and willfully failing to keep records required by the FLSA even though the FLSA
Collective Plaintiffs have been and are entitled to overtime.

44.     At all relevant times, Defendants willfully, regularly and repeatedly failed,
and continue to fail to pay Plaintiffs and the FLSA Collective Plaintiffs at the required
overtime rates, one and a half times their regular hourly rates, for hours worked in excess
of forty (40) hours per workweek.

45.     At all relevant times, Defendants willfully, regularly and repeatedly failed,
and continue to fail to make, keep and preserve accurate records required by the FLSA
with respect to Plaintiffs and the other FLSA Collective Plaintiffs, including records
sufficient to the accurately determine the wages and hours of employment pertaining to
Plaintiffs and the other FLSA Collective Plaintiffs.

46.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs,
seeks damages in the amount of their respective unpaid overtime compensation,
liquidated (double) damages as provided by the FLSA for overtime violations, attorneys'
fees and costs, and such other legal and equitable relief as this Court deems just and
proper.

16

## SECOND CLAIM FOR RELIEF
### (New York  Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 142 Brought by Plaintiff Freeman on Behalf of Herself and the New York Class)

47.     Plaintiff Freeman, on behalf of herself and the New York Class, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

48.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hour in any workweek.

49.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff Freeman and the New York Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

50.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Freeman and the New York Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 142 Brought by Plaintiff Freeman on Behalf of Herself and the New York Class)

51.     Plaintiff Freeman, on behalf of herself and the New York Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

17

52.     Plaintiff Freeman and the New York Class members regularly worked more than 10 hours in a workday.

53.     Defendants willfully failed and intentionally failed to compensate Plaintiff Freeman and/or New York Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

54.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Freeman and the New York Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### (New York Timely Payment of Wages Provisions, N.Y. Lab. L. § § 190 *et seq.* Brought by Plaintiff Freeman on Behalf of Herself and the New York Class)

55.     Plaintiff Freeman, on behalf of herself and the members of the New York Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56.     By failing to pay Plaintiff Freeman and the New York Class their wages owed, Defendants blatantly disregarded their obligation under N.Y. Lab. Law § 191 to pay employees' wages not less frequently than semi-monthly.

57.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff Freeman and the New York Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## FIFTH CLAIM FOR RELIEF
### (New Jersey  Minimum Wage Act, N.J.S.A. §§ 34-11-56a *et seq.*
### Brought by Plaintiff Freeman on Behalf of
### Herself and the New Jersey Class)

58.     Plaintiff Freeman, on behalf of herself and the New Jersey Class, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

59.     It is unlawful under New Jersey law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hour in any workweek.

60.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff Freeman and the New Jersey Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

61.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Freeman and the New Jersey Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, penalties and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the Covered Employees, pray for relief as follows:

A.      A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B.      Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

        C.     Designation of Plaintiffs as representatives of the FLSA Collective

Action;

        D.     Certification of the New York state law claims as a class action

brought pursuant to FRCP Rule 23;

        E.     Designation of the Plaintiff Freeman as a representatives of the

New York Class;

        F.     Certification of the New Jersey state law claims as a class action

brought pursuant to FRCP Rule 23;

        G.     Designation of Plaintiff Freeman as representative of the New

Jersey Class;

        H.     An award of damages, according to proof, including liquidated

damages, to be paid by Defendants;

        I.     Penalties available under the F.L.S.A;

        J.     Costs of action incurred herein, including expert fees;

        K.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and

other applicable statutes;

        L.     Pre-Judgment and post-judgment interest, as provided by law; and

        M.     Such other and further legal and equitable relief as this Court

deems necessary, just and proper.

Dated: New York, New York
      January ___, 2006

Respectfully submitted,

JOSEPH & HERZFELD, LLP

By: _____
    Charles Joseph (CJ-9442)

757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
Admitted *Pro Hac Vice*

Ira Spiro*
Spiro Moss Barness & Barge LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Tel. (310) 235-2468
Fax (310) 235-2456
* Seeking Admission *Pro Hac Vice*

Attorneys for Plaintiffs and Proposed
Collective Action and Class Action Members

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all other Covered Employees, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

21