UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HELLANE FREEMAN and DAVID COEN on         :
Behalf of themselves and others similarly situated,   :   06 Civ. 13497 (RMB)(RLE)
                                                                        :
                              Plaintiffs,                :
           - against -                                            :
                                                                        :   **DECISION AND ORDER**
HOFFMANN-LA ROCHE INC and ROCHE      :
LABORATORIES INC.,                                   :
                                                                        :
                              Defendants.              :
------------------------------------------------------------------x

**I.     Background**

On or about January 30, 2007, Hellane Freeman ("Freeman") and David Coen ("Coen") (together, "Plaintiffs") filed a Second Amended Complaint in this putative class action against Hoffman-La Roche and Roche Laboratories (together, "Defendants") alleging, among other things, that Defendants "willfully fail[ed] and refus[ed] to pay them at the legally required [overtime] rates," and "fail[ed] to make, keep and preserve accurate records" in violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201–219), the New York Minimum Wage Act (N.Y. Lab. Law §§ 650–665; N.Y. Comp. Codes R. & Regs. tit. 12, § 142), the New York Timely Payment of Wages provisions (N.Y. Lab. Law §§ 190–199-a), and the New Jersey State Wage and Hour Law (N.J. Stat. Ann. §§ 34:11-56a to :11-56a38).  (2d Am. Compl. ¶¶ 21–22, 30, 38, 44–45, 49, 53, 56, 60.)[1]

On or about February 2, 2007, Defendants submitted a motion to transfer venue to the United States District Court, District of New Jersey pursuant to 28 U.S.C. § 1404(a), or "in the alternative, to dismiss this action in part pursuant to [Federal Rule of Civil Procedure] 12(b)(6) with prejudice, or to strike pursuant to [Rule] 12(f), the Rule 23 state law class action allegations

---

[1]  The original Complaint was filed on or about November 28, 2006 and the First Amended Complaint was filed on or about January 8, 2007.

and the FLSA record-keeping claim." (Mem. of Law in Supp. of Defs.' Mot. to Transfer Venue or to Dismiss or Strike in Part the Second Am. Compl. ("Def. Mem.") at 1–3, 25.) Defendants argue that "the District of New Jersey is the forum most closely linked to the events and witnesses that are truly material to this litigation, and transferring the case . . . would advance the overall interests of justice as contemplated by Section 1404(a)." (Def. Mem. at 1–2.) "Freeman worked for Roche Labs, a New Jersey based company . . . for a total of nine years [but] she covered a sales territory in New York for only seven months." (Def. Mem. at 7 (emphasis removed).) Alternatively, Defendants argue that "the assertion of an opt-in collective action under the FLSA together with an opt-out state law wage and hour class action . . . pursuant to Rule 23 contravenes express Congressional intent . . . ." (Def. Mem. at 2.) Plaintiffs responded on or about February 23, 2007, arguing that "Plaintiffs' choice of forum is entitled to deference" and this Court "permit[s] FLSA collective actions to proceed simultaneously with Rule 23 classes for state law claims." (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Transfer Venue or to Dismiss or Strike in Part the Second Am. Compl. ("Pl. Opp'n") at 1, 4–5, 12–13.) Defendants submitted a reply on or about March 5, 2007. Oral argument was held on March 21, 2007.

**For the reasons set forth below, the motion to transfer venue is granted and the case is transferred to the United States District Court for the District of New Jersey.**

**II.     Standard**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). "The

burden is on the party seeking transfer to make a clear-cut showing that it is warranted . . . ." UFH Endowment, Ltd. V. Nevada Manhattan Mining, Inc., No. 98 Civ. 5032, 2000 WL 1457320, at *3 (S.D.N.Y. Sept. 28, 2000) (citation and internal quotation omitted).  A plaintiff's choice of forum will not be disturbed unless the movant shows that "the balance of convenience and justice weighs heavily in favor of transfer."  Royall Lyme Bermuda Ltd. v. Coastal Fragrance, Inc., No. 97 Civ. 2711, 1997 WL 620840, at *1 (S.D.N.Y. Oct. 7, 1997) (granting motion to transfer venue) (citations and internal quotation omitted).  "The interests of justice require that this Court not reward [forum shopping]." In re Eclair Bakery Ltd., 255 B.R. 121, 142 (Bankr. S.D.N.Y. 2000).  "The core determination under § 1404(a) is the center of gravity of the litigation . . . ."  Deshoulieres, S.A. v. Cuthbertson Imps., Inc., No. 06 Civ. 5163, 2006 WL 2849818, at *2 (S.D.N.Y. Oct. 3, 2006) (quoting Hubbell Inc. v. Pass & Seymour, Inc., 883 F. Supp. 955, 962 (S.D.N.Y. 1995)).

**III.    Analysis**

"The threshold question in a transfer motion [under § 1404(a)] is whether the action could have been brought in the district to which transfer is proposed."  Arrow Elecs., Inc. v. Ducommun Inc., 724 F. Supp. 264, 265 (S.D.N.Y. 1989).  This action could have been brought in New Jersey because a "substantial part of the events or omissions giving rise to the claim" occurred there and because Defendants are "subject to personal jurisdiction" in that district.  28 U.S.C. § 1391(b)–(c); Crow Constr. Co. v. Jeffrey M. Brown Assocs., No. 01 Civ. 3839, 2001 WL 1006721, at *2 (S.D.N.Y. Aug. 31, 2001).

"[T]he Court next considers whether the convenience of the parties and witnesses and the interest of justice warrant a transfer."  Brockmeyer v. May, No. 98 Civ. 5521, 1999 WL 191547, at *3 (S.D.N.Y. Apr. 6, 1999).

**Location of Events Giving Rise to the Suit**

"[T]he location of operative events is a 'primary factor' in determining a motion to transfer venue." ZPC 2000, Inc. v. SCA Group, Inc., 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2000) (quoting Smart v. Goord, 21 F. Supp. 2d 309, 316 (S.D.N.Y. 1998)).  In this case, substantial operative facts and events took place in New Jersey.  "Defendants employ and have employed . . . [hundreds] of pharmaceutical sales representatives [including Freeman] in . . . New Jersey."  And, with the exception of a seven month period in 2005, Plaintiff Freeman worked for Defendants "exclusively in New Jersey." (2d Am. Compl. ¶ 13; Def. Mem. at 3.) Plaintiffs allege that Defendants "systemically violated the law throughout [several states including] New Jersey." (2d Am. Comp. ¶ 15.)  "Courts routinely transfer cases when [as here] the principal events occurred . . . in another district."  Viacom Int'l, Inc. v. Melvin Simon Prods., Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991) (citation omitted).  See also Hall v. S. Orange, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (transferring venue to the District of New Jersey because "a substantial part of the events . . . occurred in . . . New Jersey" even though "some events giving rise to plaintiff's claims occurred in the Southern District [of New York]").

This factor favors transfer.

**Convenience of the Parties**

When considering the convenience of the parties, "[t]he logical and relevant starting point is a consideration of the residence of the parties." Wine Mkts. Int'l v. Bass, 939 F. Supp. 178, 182 (E.D.N.Y. 1996) (citations omitted).  Plaintiff Freeman is a New Jersey resident. (2d Am. Compl. ¶ 9.)  Plaintiff Coen is a Kansas resident. (2d Am. Compl. ¶ 10.)  Defendants "have their headquarters and principal place of business in Nutley, New Jersey." (Def. Mem. at 3, 9; see also 2d Am. Compl. ¶¶ 7–8.)

4

This factor favors transfer.

**Convenience of the Witnesses**

"The convenience of party and nonparty witnesses is usually the most important consideration in deciding a motion to transfer venue." ACE One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F. Supp. 2d 525, 529 (S.D.N.Y. 2004) (citation omitted). The party seeking the transfer "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Howard v. Four Seasons Hotels Ltd., No. 96 Civ. 4587, 1997 WL 107633, at *3 (S.D.N.Y. Mar. 10, 1997). Defendants list several potential witnesses, including Ryan Patterson, Larry Prince, and Michele Crocco who "are all resident in New Jersey, as are a number, if not all, of the other witnesses," (Def. Mem. at 9–10) and argue persuasively that these witnesses, as well as other co-workers, would testify with respect to, among other issues, the "manner in which [Freeman] performed her job[,] . . . [t]he training Freeman received[,] . . . [and] compensation and polices and procedures." (Def. Mem. at 9.)[2]

This factor favors transfer.

**Plaintiffs' Choice of Forum**

Generally, "[a] plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weight strongly in favor of transfer." Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001). This factor is less compelling where, as here, plaintiffs choose a forum that is not their home district. See Intria Corp. v. Intira Corp., No. 00 Civ. 7198, 2000 WL 1745043, at *8 (S.D.N.Y. Nov. 27, 2000) ("[W]here the

---

[2] "[P]roximity to the forum is not a sole or controlling consideration," Haase v. Mallenkrodt, Inc., 415 F. Supp. 889, 890 (S.D.N.Y. 1976) (citation and internal quotation omitted), but, in any case, convenience of the witnesses is not greater in New York than New Jersey. See also Brasseler USA Dental, L.L.C. v. Discus Dental, Inc., No. 04 Civ. 9494, 2005 WL 1765706, at *3 (S.D.N.Y. July 25, 2005).

5

forum is not the plaintiff's home district, the plaintiff's choice of forum is given less deference, even when the plaintiff's home district is adjacent to the forum.") (citation omitted).  And, a plaintiff's choice of forum "is afforded little weight" in a purported class action, as here, where "numerous potential plaintiffs [are] each possibly able to make a showing that a particular forum is best suited . . . ."  Eichenholtz v. Brennan, 677 F. Supp. 198, 202 (S.D.N.Y. 1988) (citations omitted); see also Lewis v. C.R.I., Inc., No. 03 Civ. 0651, 2003 WL 1900859, at *4 (S.D.N.Y. Apr. 17, 2003) ("[R]epresentative plaintiffs are entitled to some deference in their choice of forum, but they are entitled to less deference than other plaintiffs." (citing DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002)); see also Montgomery v. Tap Enters., Inc., No. 06 Civ. 5799, 2007 WL 576128, at *4–*5 (S.D.N.Y. Feb. 26, 2007) ("Plaintiffs' argument would be stronger in a situation where plaintiffs had already 'opted-in' to the lawsuit, as opposed to here, where the litigation is nascent.").

This factor favors transfer.

**Relative Means of the Parties**

Plaintiffs argue that the Court should give deference to Plaintiffs' choice of forum because a "disparity exists between the means of the parties."  (Pl. Opp'n at 8–9.)  But, there is "no reason to conclude that litigation of this action in [New Jersey] would present significant increased costs for either party," Cuzzupoli v. Metro-North Commuter R.R., No. 02 Civ. 7947, 2003 WL 21496879, at *4 (S.D.N.Y. June 30, 2003).  As noted, Plaintiff Freeman herself is a New Jersey resident and it might well be somewhat less expensive to litigate in her home district of New Jersey.

This factor favors transfer.

**Interests of Justice**

"The interest of justice is a separate component of the Court's § 1404(a) transfer analysis, and may be determinative in a particular case." Tucker Anthony, Inc. v. Bankers Trust Co., No. 93 Civ. 0257, 1994 WL 9683, at *8 (S.D.N.Y. Jan. 10, 1994) (citations and internal quotations omitted). The interests of justice are "based on the totality of the circumstances." Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. LaFarge N. Am., Inc., No. 06 Civ. 3123, 2007 WL 214408, at *4 (S.D.N.Y. Jan. 29, 2007) (citations omitted).

Defendants argue that Plaintiffs filed this suit in the Southern District of New York because the law in the Second Circuit is more favorable to them than the law in the Third Circuit "with regard to the mutual exclusivity of the FLSA's opt-in and Rule 23's opt-out provisions in an effort to avoid the dismissal of the state law class action claims." (Def. Mem. at 11.) Plaintiffs respond that "Defendants plainly want this case transferred to New Jersey so that they can avoid facing Plaintiffs' state law claims by taking advantage of the . . . law [there]." (Pl. Opp'n at 11.)[3] An "important interest[] to be considered [is] the discouragement of forum shopping." Unique Indus., Inc. v. Lisa Frank, Inc., No. 93 Civ. 8037, 1994 WL 525041, at *2 (S.D.N.Y. Sept. 23, 1994) (citations omitted).

This factor favors transfer.

In summary, among other reasons to transfer the case to the District of New Jersey are the following: substantial operative facts and events occurred in New Jersey, and Freeman worked in New Jersey for a majority of the time she was employed by Defendants; Plaintiffs and Defendants are residents of New Jersey (and no party is a resident of New York); many of the (potential) witnesses are in New Jersey; Plaintiffs choice of forum is given less deference

---

[3] These positions were emphasized at oral argument on March 21, 2007. (See Tr. of Proceedings, Mar. 21, 2007.)

because it is not the Plaintiffs' home district.[4] The Court concludes that the "center of gravity" of this litigation is in New Jersey. See Deshoulieres, 2006 WL 2849818, at *2.[5]

### IV. Conclusion and Order

For the reasons stated above, Defendants' motion to transfer this action to the United States District Court for the District of New Jersey is granted. The Clerk is respectfully requested to remove the case from the docket and transfer it to the District of New Jersey.

Dated: New York, New York
        March 21, 2007

_____
RICHARD M. BERMAN, U.S.D.J.

---

[4] The Court concludes that the factors not specifically addressed (e.g., location of the documents and familiarity with the governing law) are neutral. See Walker v. Jon Renau Collection, Inc., 423 F.Supp.2d 115, 117–18 n.3 (S.D.N.Y. 2005); MasterCard Int'l, Inc. v. Lexcel Solutions, Inc., No. 03 Civ. 7157, 2004 WL 1368299, at *8 (S.D.N.Y June 16, 2004).

[5] Having found that this action should be transferred, this Court need not resolve Defendants' motion to dismiss or strike portions of the Second Amended Complaint. See Handler v. Regents of Univ. of Michigan, No. 00 Civ. 6314, 2000 WL 1635701, at *3 (S.D.N.Y. Nov. 1, 2000).